900 F.2d 250
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gary CONN; Bonnie Conn, Plaintiffs-Appellants,
v.
APPALACHIAN POWER COMPANY, a Virginia Corporation, Defendant-Appellee.
 No. 89-2762.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 6, 1990.
Decided March 14, 1990.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert J. Staker, District Judge. (CA-88-848).
 Charles E. Pettry, Jr., Goodwin & Pettry, Charleston, for appellants.
 Timothy Minor Miller, Robinson & McElwee, Charleston, for appellee.
 Keith J. George, Robinson & McElwee, Charleston, W.V., for appellee.
 S.D.W.Va.
 REVERSED.
 Before PHILLIPS and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Gary and Bonnie Conn appeal the district court's grant of summary judgment for the defendant/appellee Appalachian Power Company (APCO) in the Conns' negligence action against the company. The court found that the depositions of the plaintiffs and their expert did not create a genuine issue of material fact as to whether the company's negligence caused a fire that destroyed the Conns' home and accordingly granted the company's summary judgment motion. We now reverse that judgment.
 
 
 2
 * On June 20, 1986, the Conns' home in Crum, West Virginia, burned to the ground. The Conns sued APCO in federal district court, alleging that the company's negligent maintenance and inspection of certain electrical wires proximately caused the fire. APCO, which on the undisputed facts owned and was responsible for the cable, wiring, and electrical meter at the Conns' home, answered the complaint with a general denial.
 
 
 3
 Resisting APCO's motion for summary judgment, the Conns relied upon their own depositions and, principally, upon that of John Barracato, Jr., plaintiffs' expert on the cause and origin of fires and potentially their chief witness. Barracato, a professional fire investigator, deposed that he had investigated "[a]nywhere from a hundred and twenty to a hundred and fifty fires for different insurance companies." Barracato Deposition at 30. His on-site investigation of the ruins of the Conns' home had led him to conclude that flawed electrical wiring had caused the fire.
 
 
 4
 Specifically, Barracato deposed that in his opinion the fire was caused by a loose connection between the "drop line"--the cable that dropped down from the main power line--and the electrical wire that actually entered the home through a metal conduit. He explained that this loose connection likely created an electrical "arc" that made contact with the house's exterior and started the fire. Barracato located the exact origin of the fire near the metal conduit and explained that "[t]he burn patterns in this particular fire were extremely clear. So the area of origin was not difficult to find." Barracato Deposition at 48. Elaborating on this conclusion, Barracato explained that it was based, among other things, on his observation of concentrated heat and fire damage within the metal conduit so intense that there was "a small hole blown right through the conduit." Barracato Deposition at 58, 68. At numerous points in his deposition, Barracato stated that he was confident in his determination of the physical origin of the fire and equally confident in his conclusion that the loose connection between the wires caused the fire. See, e.g., Barracato Deposition at 122.
 
 
 5
 APCO relied upon various materials supporting their motion which tended to refute the negligence theory advanced in Barracato's deposition. These included a fire department report opining that the fire originated in the circuit box inside the house, not on the exterior roofing; the affidavit of an eyewitness who stated that he saw the inside of the house burn before the outside; the affidavits of two APCO servicemen who stated that they regularly visited the house and never saw any loose wiring connections or other defects; and an absence of prior complaints by the Conns about interruptions or peculiarities in their electrical service.
 
 
 6
 In granting summary judgment for APCO, the district court referred expressly only to the depositions of Barracato and the plaintiffs themselves and rested decision on its conclusion that "[n]owhere in those depositions can we find sufficient evidence from which a jury could find that the defendant was negligent." This appeal by the claimants followed.
 
 II
 
 7
 We briefly review controlling summary judgment principles. A party moving for summary judgment is entitled to judgment as a matter of law if the court is satisfied that "there is no genuine issue of material fact." Fed.R.Civ.P. 56(c). The material facts of a controversy are those identified by controlling substantive law as essential elements of claims and defenses; genuine issues as to such facts exist if the evidence as forecast is sufficient for a reasonable jury to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). No genuine issue of material fact exists, however, if the nonmoving party fails to make a sufficient showing on an essential element of his case as to which he would have the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In assessing the forecast evidence, courts must view the facts and inferences reasonably to be drawn therefrom in the light most favorable to the nonmoving party and must not weigh evidence or resolve disputed facts. Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir.1985) (citations omitted).
 
 
 8
 Applying these principles, we have reviewed Barracato's deposition testimony with some care. Viewed in the light most favorable to the Conns, that testimony presents sufficient evidence on each element of a West Virginia negligence action for reasonable jurors to find in favor of the Conns. Under basic West Virginia tort law, as generally, "[w]hen negligence is relied upon as the basis of an action for damages, the plaintiff must prove that the defendant was guilty of primary negligence and that such negligence was the proximate cause of the injuries of which the plaintiff complains." Davis v. Cross, 164 S.E.2d 899, 904 (W.Va.1968).
 
 
 9
 Here, Barracato's testimony as given in deposition would suffice to support a jury finding that APCO negligently failed to discover a loose connection in the Conns' electrical wiring and that such condition caused this fire. APCO does not dispute its duty to maintain the wiring in the area where, as Barracato opined, the fire originated: "Up to and including the meter, the wire was the property and responsibility of the utility company [APCO]." Brief of Appellee [APCO] at 5. APCO does of course vigorously dispute where the fire originated, a fact obviously material on the issue of APCO's primary negligence. Barracato's opinion testimony, as explained and elaborated, that the fire originated on the exterior of the house near the metal conduit thus creates a genuine, disputed issue of fact as to whether APCO negligently overlooked a dangerous condition in wires for which it had responsibility. On the causation element, Barracato's testimony as to origin factually supports the theory that a negligently undiscovered loose connection between the drop line and the electric line entering the conduit proximately caused the fire. There being no question of Barracato's qualification as an expert, we may assume his opinion testimony on causation would be admissible. That testimony puts the causation question squarely in issue. Finally, as to the element of injury, there is of course no dispute concerning the occurrence of the fire itself.
 
 III
 
 10
 In sum, the evidence before us is not "so one-sided that one party must prevail as a matter of law," Liberty Lobby, 477 U.S. at 251-52; rather, it "presents a sufficient disagreement to require submission to a jury." Id. Accordingly, for the reasons stated above, the district court's grant of summary judgment for APCO is reversed and the case remanded to the district court for further proceedings.
 
 REVERSED